**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JARRETT R. GUISE                                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:06CV162 HTW-
                                    LRA

QUENTIN WARDEN, ET AL.                                              DEFENDANTS


**ORDER GRANTING REMAND**

Before the court is plaintiff's, Jarrett R. Guise's, motion to remand [ docket # 3]

urged under Title 28 U.S.C. § 1447(c).[1]  For reasons explained, *infra*, the court grants

Guise's motion to remand proceedings to the Circuit Court of the First Judicial District of

Hinds County, Mississippi.


**RELEVANT FACTS**

On January 1, 2004, defendant, Quentin Warden allegedly intentionally shot

Guise on the premises of Lochwood Place Apartments in Jackson, Mississippi.  In May

2004, Guise filed suit in the Circuit Court of the First Judicial District of Hinds County,

---

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part:  If at any time before final judgment
it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

1

Mississippi against Quentin Warden;  Lochwood North and Lochwood Phase II, owners

of the apartments;  Lochwood LLC, the owners' general partner;  Sherman Hull, a

Lochwood employee (collectively, "Lochwood defendants");  Interstate Management

Company, manager of the apartments;  and John Does #1-10.  Guise alleges the

Lochwood defendants "failed to keep the property safe, failed to provide reasonable

security, and failed to warn of past and foreseeable criminal conduct."

On December 19, 2005, Lochwood North and Lochwood Phase II (collectively

"Lochwood debtors") filed a voluntary petition for relief under Title 11 U.S.C. §11.  On

March 21, 2006, the defendants removed this action to federal court pursuant to Title

28 U.S.C. §1452.[2]  On May 19, 2006, plaintiff filed a motion for relief from automatic

stay for the sole purpose of pursuing claims against the Lochwood debtors' insurer.  On

June 7, 2006, this case was stayed pending the outcome of related bankruptcy

proceedings.  On August 4, 2006, an agreed order was entered in the bankruptcy

proceeding "lifting the automatic stay for the sole purpose of allowing Guise to proceed

with his claims against the Lochwood debtors to the extent of insurance proceeds only."

## RELEVANT LAW

Pursuant to statute, cases filed in state court may be removed to federal court if

they are sufficiently related to bankruptcy proceedings.  Title 28 U.S.C. §§ 1452 and

---

[2]Title 28 U.S.C. § 1452 (a) provides:  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending . . .

Title 28 U.S.C. § 1452 (b) provides:  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

1334(b).[3]  In determining whether a case is sufficiently related, the Fifth Circuit has adopted the standard set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984). *See In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).  Legislative history indicates that the phrase "arising under title 11, or arising in or related to cases under title 11" was meant, not to distinguish between different matters, but to identify collectively a broad range of matters subject to the bankruptcy jurisdiction of federal courts.  *Id.* at 93.

## MOTION TO REMAND

On May 31, 2006, plaintiff Guise filed his motion to remand which is predicated on the Bankruptcy Court releasing this civil action from the Automatic Stay.  Guise contends the sole basis of federal jurisdiction was eliminated when the Bankruptcy Court released this civil action from the Automatic Stay.  Guise further asserts that prior to removal, jurisdiction was proper only in the Circuit Court of the First Judicial District of Hinds County, Mississippi, because there exists no question of federal law nor diversity of citizenship, pursuant to Title 28 U.S.C. §§ 1331 &1332, respectively.[4]

---

[3]Title 28 U.S.C. § 1334 provides:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under Title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.

[4]Title 28 U.S.C. § 1331 provides: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Title 28 U.S.C. § 1332 (a) provides: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75, 000, exclusive of interest and costs, and is between - (1) citizens of different States; . . .

Interstate Management Company ("Interstate") opposes this motion to remand and argues Guise's lawsuit is "related to" the Lochwood debtors' bankruptcy proceedings.  Since this lawsuit is "related" to the Lochwood debtors' bankruptcy proceedings, says Interstate, this court should retain jurisdiction.

## ANALYSIS

The court is unpersuaded that plaintiff's claims relate to the Lochwood debtor's bankruptcy proceedings.  The test adopted by the Fifth Circuit to determine whether a proceeding is "related to" a bankruptcy proceeding has been described as:  whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.  *Pacor, Inc.*, 743 F.2d at 994 (emphasis in the original; citations omitted) adopted in *In re Wood*, 825 F.2d at 90.  This test does not support Interstate's argument;  consequently, this court finds Interstate's "related to" argument unconvincing.

Furthermore, this court may discretionarily "abstain from hearing state law claims whenever appropriate 'in the interest of justice, or . . . comity with state courts or respect for state law.'"  *Gober v. Terra + Corp.*, 100 F.3d 1195, 1206 (5th Cir. 1996) (quoting 28 U.S.C. § 1334(c)(1)).  This lawsuit, not based on any right created by the federal bankruptcy law, came to this forum because the Lochwood debtors filed a voluntary petition under Chapter 11.  The automatic stay has been lifted allowing this lawsuit to proceed.  The court also notes that the parties are not diverse in citizenship, so this court does not have diversity jurisdiction under Title 28 U.S.C. § 1332.

Accordingly, since the only thread which ties this lawsuit to this court is

4

bankruptcy jurisdiction, where the automatic stay has been lifted;  where the claims here are purely state law claims;  where the bankruptcy trustee may monitor this lawsuit;  and where the state court is available, this court is persuaded to exercise its discretion to abstain and to return this lawsuit to state court.

## **CONCLUSION**

The court therefore grants plaintiff Guise's motion to remand proceedings to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

SO ORDERED AND ADJUDGED, this the 15th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:06-cv-162 HTW-LRA
Order Granting Remand